## STATE *v.* JOHN FOLEY.

Upon trial of an indictment for keeping a disorderly house, the nuisance must be shown as an existing fact and not by evidence of reputation.

Where, upon trial of an indictment, the counsel for the State are permitted, notwithstanding the objection of the respondent, to argue to the jury a matter of which there is no competent evidence, and the matter is such as is likely to prejudice the case of the respondent, a verdict against him will be set aside.

Upon trial of an indictment for keeping a disorderly house, the mere fact, that, under the internal revenue act of the United States, a retailer's tax had been paid and a retailer's license obtained for the respondent's wife, is not competent evidence for the respondent either to disprove or justify the keeping of such a house.

INDICTMENT for keeping a disorderly house. No evidence was offered as to the reputation of the house.

Jonathan L. Pickering testified, subject to the defendant's exception, that he visited the defendant's house, in his official capacity as city marshal, on sundry occasions, by request. The Attorney General was permitted to argue to the jury, from this evidence, subject to the defendant's exception, that there were complaints in the neighborhood in regard to the character of the house.

The defendant offered a license from the United States to his wife, as a licensed retailer, as explanatory of the reason why certain persons visited his house, and to exclude the idea that they were there for the purpose of sexual intercourse; which the court excluded, and the defendant excepted.

The defendant requested the court to instruct the jury, that, in determining upon their verdict, they had the right to consider the absence of all evidence on the part of the State, with regard to the reputation of the house of the defendant; but the court declined to give such instruction, but did instruct the jury that they might only consider the evidence which was before them; and if, upon that, they had any reasonable doubts of the guilt of the accused, they would acquit him; but if, from the evidence before them, they had no such doubts, they would return a verdict of guilty, without inquiring whether the State could have made a stronger case against the defendant or not; that this indictment was not for retailing liquor, or keeping a bawdy house, and that a retailer's license would be no defence, if the crime of keeping a disorderly house was clearly proved.

The jury returned a verdict of guilty, which the defendant moves the court to set aside, because of the foregoing rulings of the court, and the refusal to instruct the jury as requested.

*George, Foster & Sanborn,* for the respondent.

*The Attorney General,* for the State.

BARTLETT, J. Under this indictment, the nuisance "must be shown as an existing fact, and not by evidence of reputation." 3 Greenl. Ev. sec. 186. We have not inquired whether the evidence, that the visits of the city marshal to the defendant's house were "by request", might

not be competent for some purposes, because it was not admissible here for the State, in order to show that complaints had been made to the city marshal ; for this latter fact was incompetent to show the offence charged, and the case shows no other purpose for which it could properly have been received.   Wharton Cr. L. 803.   So that,whether the evidence objected to by the defendant was properly admitted or not, the court erred in permitting the counsel for the State to argue from it to the jury, that such complaints had been made, *Tucker* v. *Henniker*, 41 N. H. 323, *Logan* v. *Monroe*, 7 Shepl. 257 ; and although sometimes a fact, which could not in the outset have been shown by a party upon the issue on trial, may afterwards become admissible for him by way of rebuttal, *Wiggin* v. *Plumer*, 31 N. H. 269, yet the case shows no such state of facts.   And it seems to us that the course of argument, which the State's counsel were permitted to take, was calculated to prejudice the defendant's case with the jury.

The mere fact, that, under the internal revenue act of the United States, a retailer's tax had been paid and a retailer's license obtained for the defendant's wife, had no legitimate tendency to prove that the defendant did not keep a disorderly house or to justify him in keeping it.   *State* v. *Bailey*, 21 N. H. 345 ; 3 Greenl. Ev. sec. 187 ; 1 Russ. Crimes, 326 ; Wharton C. L. 802 ; Laws 1855, ch. 1658 ; see *State* v. *Mc-Gregor*, 41 N. H. 414. The court properly refused to give the instruction asked for by the defendant.   The verdict must be set aside and a new trial granted.